**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARCUS McKENNEY,

        Plaintiff,

v.

ANTHONY WILSON,
NEW BERN TRANSPORT CORPORATION, and
PEPSICO, INC.,

        Defendants.

Case No.
Hon:

---

LAW OFFICE OF DEAN T. YEOTIS
DEAN T. YEOTIS (P41290)
JONATHAN C. GLAB (P84214)
SHARLA R. CHARPENTIER (P84860)
Attorneys for Plaintiff
611 W. Court Street
Flint, MI 48503
(810) 767-6100

---

LAW OFFICE
DEAN T. YEOTIS
611 W. Court Street
Flint, MI 48503
(810) 767-6100
Fax (810) 767-6415

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

Plaintiff MARCUS McKENNEY, through his counsel, the LAW OFFICE OF DEAN T. YEOTIS, states the following claims against Defendants ANTHONY WILSON, NEW BERN TRANSPORT CORPORATION, and PEPSICO, INC.:

### NATURE OF CLAIM

1. This is an action brought pursuant to Section 107(a) of the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. § 12117, which incorporates by reference Section 706 of Title VII of the Civil Rights Act of 1964, as amended ("Title

1

VII"), 42 U.S.C. § 2000(e)-5, and 42 U.S.C. § 2000e et seq., seeking equitable and monetary damages against Defendant, and any other relief as this Court deems just and proper and/or that is afforded under the ADA and Title VII.

## JURISDICTION AND PARTIES

2. Plaintiff is a resident of Flushing, Michigan in Genesee County, which is within the jurisdiction of the Eastern District of Michigan.

3. Upon information and belief, Defendant Anthony Wilson (hereinafter "Mr. Wilson", together with Defendant New Bern Transport Corporation and Defendant PepsiCo, Inc., "Defendants") is a resident of Genesee County, State of Michigan. Defendant New Bern Transport Corporation (individually and together with Defendant PepsiCo, Inc., as applicable, "Defendant"), a foreign profit corporation, is a subsidiary of Defendant PepsiCo, Inc. (individually and together with Defendant New Bern Transport Corporation, as applicable, "Defendant"), also a foreign profit corporation, which transacts business in Genesee County, State of Michigan.

4. The events giving rise to this cause of action occurred in the Eastern District of Michigan.

5. This court has jurisdiction pursuant to Title I of the ADA, 42 U.S.C. § 12101 et seq., and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., 28 U.S.C § 1331, and 28 U.S.C. § 1343(a)(3) and (a)(4).

6. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) and (c).

LAW OFFICE
DEAN T. YEOTIS
611 W. Court Street
Flint, MI 48503
(810) 767-6100
Fax (810) 767-6415

7. The amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorney fees.

8. Plaintiff filed charges with the Michigan Department of Civil Rights and the U.S. Equal Employment Opportunity Commission and received his Notice of Right to Sue (copy attached) on or about on September 27, 2021. Plaintiff has filed this complaint within 90 days of receiving his Notice of Right to Sue. This Court has jurisdiction pursuant to 29 C.F.R. § 1614.108(b).

## COMMON ALLEGATIONS

9. Plaintiff, a large black man, was employed by Defendant from August of 2001 to March of 2020. Plaintiff is 6 feet 3 inches tall and weighs approximately 300 hundred pounds.

10. Defendant is an "employer" and Plaintiff was its "employee" within the meaning of the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964 ("Title VII").

11. For the duration of his employment with Defendant, Plaintiff was a loyal, dedicated employee who performed his job well.

12. While employed by Defendant and under the supervision of Mr. Wilson and Cheryl Hinkle, both Caucasian, Plaintiff was subjected to race discrimination and filed a formal complaint with the EEOC in 2017 because of the race-based discrimination he experienced while performing repair and refurbishment work at Defendant's warehouse.

LAW OFFICE
DEAN T. YEOTIS
611 W. Court Street
Flint, MI 48503
(810) 767-6100
Fax (810) 767-6415

3

13. In an attempt to avoid the racially charged atmosphere at Defendant's warehouse, Plaintiff requested a transfer to a driver position and was granted the same.

14. Despite Plaintiff being obviously too large to safely drive a small truck, he was assigned to a small "Isuzu cab over truck" style vehicle.

15. Plaintiff was initially told by his then supervisor, Ronald VonBerg, that he did not have a truck that fit Plaintiff and his driving partner, Larry Smith, also a large black man, but would work on getting them a bigger truck.

16. Plaintiff had safety concerns about driving a small truck that he could not move freely in, and he voiced them to Defendant multiple times. He continued to use the small truck believing that Mr. VonBerg acting in good faith would soon find Plaintiff and his driving partner a suitable truck to drive, especially since Defendant had larger trucks available.

17. Over the course of his employment as an install driver, Plaintiff made several requests for Defendants to accommodate his weight and height by assigning him to a larger vehicle.

18. Because Defendants did nothing to remedy Plaintiff's safety concerns and Plaintiff needed the job to provide for his wife and 4 children, Plaintiff decided to advocate for himself and reached out to a different Defendant supervisor, Jeremy Morse, who confirmed that Defendant had bigger trucks that were not being used. Plaintiff also found two smaller employees, Terrance Lewis and Paul Waskom, both around 5 feet 7 inches tall, who were willing to switch to a smaller truck and give Plaintiff their larger truck.

LAW OFFICE
DEAN T. YEOTIS
611 W. Court Street
Flint, MI 48503
(810) 767-6100
Fax (810) 767-6415

4

19. When Plaintiff brought these reasonable solutions to the attention of his supervisor, Mr. Wilson said he would "look into it." Mr. Wilson never accommodated Plaintiff, and in fact, accommodated a large Caucasian employee that also requested adjustments to his working conditions by assigning him to a bigger truck.

20. In February 2020, Plaintiff was temporarily placed in a larger truck. Unfortunately, Plaintiff was placed back in an unsuitably small truck only a few days later without explanation or justification.

21. Not long after Plaintiff was placed back in a small truck, Plaintiff went to a health clinic to seek medical diagnosis for the discoloration of his urine. The health clinic found blood in Plaintiff's urine and advised him to get a scan for further inspection.

22. Plaintiff informed Mr. VonBerg of the health clinic's findings and explained he felt that the medical problem was being caused by the small truck hitting Plaintiff's kidneys every time the truck hit a bump in the road.

23. When Plaintiff found out that the small truck was going to be his permanent truck, he again went to management with his safety concerns and reasonable accommodation request. Unlike the accommodation request that was fulfilled for the large Caucasian employee, Defendants did not accommodate Plaintiff in any way.

24. Plaintiff found blood in his urine again and went back to the health clinic. A medical examination determined that the blood in Plaintiff's urine was caused by contusions on his kidney. He was released back to work the same day with one restriction that he could not drive a small compact vehicle.

LAW OFFICE
DEAN T. YEOTIS
611 W. Court Street
Flint, MI 48503
(810) 767-6100
Fax (810) 767-6415

5

25. The next day Plaintiff returned to work but was told to go home because he could not work even though there was a bigger pickup truck available, and Plaintiff was able to drive it. Despite not requesting any disability papers or raising the issue, Plaintiff was also told that he would soon receive disability papers from Defendant's new Human Resources rep, Mallory Meyer, which he did receive.

26. As a result of the accumulated impact of the racial discrimination, refusal to accommodate with a larger truck, and Defendant's perception of Plaintiff as a person with a disability, Plaintiff reasonably and objectively believed that he had no reasonable alternative other than to not return to work and immediately began seeking employment elsewhere.

27. As a result of the actions taken by Defendants as identified specifically in paragraph 26 above and elsewhere herein, Plaintiff reasonably believed he had no meaningful option other than to leave work and was thus constructively discharged in June of 2020.

28. Plaintiff has been and will continue to be injured both economically and emotionally by the discriminatory treatment that he was subjected to by the Defendants.

29. Based on Defendants' wrongful acts, Plaintiff has past and future economic damages as well as past and future emotional distress damages. Plaintiff also seeks a statutory fee award.

**COUNT I**
**DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA**

30. Plaintiff incorporates by reference paragraphs 1 through 29.

LAW OFFICE
DEAN T. YEOTIS
611 W. Court Street
Flint, MI 48503
(810) 767-6100
Fax (810) 767-6415

6

31. Plaintiff was at all times during his employment relationship with Defendant physically able to perform his job duties. At no time during his employment relationship with Defendants did Plaintiff suffer from a disability that interfered with his ability to do the essential functions of his job.

32. After a medical examination determined that the blood in Plaintiff's urine was caused by contusions on his kidney, Plaintiff was discharged and immediately released back to work. Per the physician's order, Plaintiff was allowed to work and drive so long as the vehicle was not a small compact one.

33. At this point, despite Plaintiff still being able to work and drive and despite a larger vehicle being available for Plaintiff to drive, Defendants perceived Plaintiff to be a person with a disability and sent him home.

34. When Plaintiff returned to work per the physician's order, he was told he could not work and that he would receive disability papers from the new Human Resources rep, Mallory Meyer.

35. Following Defendant's instructions, Plaintiff did not return to work and was constructively discharged in March of 2021.

36. Plaintiff was treated more harshly by Defendants because of his disability.

37. Defendant constructively discharged Plaintiff, in substantial part, because Defendant perceived Plaintiff to be a person with a disability.

38. Accordingly, Plaintiff asserts an ADA disability discrimination claim against Defendants.

39. Based on the Defendants' wrongful acts, Plaintiff has suffered past and future economic damages as well as past and future emotional distress damages.

LAW OFFICE
DEAN T. YEOTIS
611 W. Court Street
Flint, MI 48503
(810) 767-6100
Fax (810) 767-6415

## COUNT II
## RACE DISCRIMINATION IN VIOLATION OF TITLE VII

40. Plaintiff incorporates paragraphs 1 through 39.

41. As an employer within the meaning of the Title VII of the Civil Rights Act of 1964, Defendant owed Plaintiff a duty not to discriminate against him with respect to employment, promotional opportunities, compensation or other conditions or privileges of employment on the basis of his race.

42. Plaintiff is African American and otherwise a member of a protected class, entitled to the protections afforded by Title VII.

43. While employed by Defendant, Plaintiff was subjected to race discrimination by Defendants, by and through Defendant's agents, servants, and/or employees, said acts being unlawful by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq.

44. Defendants subjected Plaintiff to disparate treatment in whole or in part because of his African American race. For example, when a Caucasian employee of substantially similar size asked Defendant's management to be assigned a larger truck, the Caucasian employee was given a larger truck by Mr. Wilson. When Plaintiff made the exact same request over and over again, Defendants repeatedly denied him.

45. Defendants, by and through Defendant's agents, servants, and/or employees, willfully and intentionally violated Title VII.

46. During his employment, Defendants treated Plaintiff less favorably and more harshly than similarly situated Caucasian employees in the terms and conditions of his employment based on race.

LAW OFFICE
DEAN T. YEOTIS
611 W. Court Street
Flint, MI 48503
(810) 767-6100
Fax (810) 767-6415

47. Defendants had no legitimate business reason for their actions, in violation of Title VII, which specifically prohibits discrimination against any person regarding employment and/or the terms of employment on the basis of race.

48. Accordingly, Plaintiff asserts a Title VII race discrimination claim against Defendants.

49. Based on the Defendants' wrongful acts, Plaintiff has suffered past and future economic damages as well as past and future emotional distress damages.

Thus, Plaintiff Marcus McKenney respectfully requests that this Honorable Court enter judgment in his favor and against Defendants for back and future wage and benefit loss and other monetary damages to which he is entitled to, back and future emotional harm damages, exemplary damages, and an award of interest, costs and reasonable attorney fees, in an amount in excess of $75,000.00.

### JURY DEMAND

Plaintiff, through his counsel the Law Office of Dean T. Yeotis, demands trial by jury in this matter.

Respectfully submitted,

LAW OFFICE OF DEAN T. YEOTIS

/s/ Dean T. Yeotis

DEAN T. YEOTIS (P41290)
JONATHAN C. GLAB (P84214)
SHARLA R. CHARPENTIER (P84860)
Attorneys for Plaintiff
611 W. Court Street
Flint, MI 48503
(810) 767-6100

Dated: December 23, 2021.

LAW OFFICE
DEAN T. YEOTIS
611 W. Court Street
Flint, MI 48503
(810) 767-6100
Fax (810) 767-6415

EEOC Form 161-B (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Marcus L. McKenney
8046 West Frances Road
Flushing, MI 48433

From: Detroit Field Office
477 Michigan Avenue
Room 865
Detroit, MI 48226

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 23A-2020-00579 | A. Coburn, State/Local Coordinator | (313) 774-0018 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Michelle Eisele*

Michelle Eisele,
District Director

SEP 27 2021
*(Date Issued)*

Enclosures(s)

cc: HUMAN RESOURCES MANAGER
PEPSI COLA BEVERAGE COMPANY
CORPORATE HEADQUARTERS
700 Anderson Hill Road
Purchase, NY 10577

Enclosure with EEOC
Form 161 (11/09)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS --** **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice.** Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

### PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

### ATTORNEY REPRESENTATION -- Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

### ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months of this Notice</u>.** (Before filing suit, any request should be made <u>within the next 90 days</u>.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*